**Modified and Affirmed and Opinion Filed February 12, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01086-CR**

**JUSTIN L. WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F19-47739-H**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

A jury convicted appellant Justin L. Williams for aggravated sexual assault of a child and sentenced him to seven years' confinement. He argues the evidence is legally and factually insufficient to support his conviction, and the trial court abused its discretion by admitting improper and irrelevant expert testimony. The State raises a cross-point seeking modification of several clerical errors in the judgment. As modified, we affirm the trial court's judgment.

## Background

Appellant is complainant's uncle. Along with his wife and three children, appellant lived with complainant's grandfather in Rowlett. Complainant regularly spent time at Grandfather's house with her cousins, aunt, and appellant.

In July 2018, complainant, who was eight years old at the time, took a shower at Grandfather's house. When she finished, she put on her underwear, wrapped herself in a towel, and walked into the bedroom to discover appellant standing there. She tried to go to the dresser to get a shirt, but appellant blocked it. Although she could not remember exactly how it happened, she ended up sitting on the bed with appellant standing in front of her. Something touched the area of her body she used to pee, but she did not know "if it was, like, his hand or, like something else." Appellant was standing up, but "kind of crouched" in front of her. He pulled her underwear partially down. She said it hurt when he touched her, but she did not see him touch her because she was not looking directly at him. She told him to stop because it hurt. She did not tell anyone what happened because she was scared. She also did not want her aunt to be sad or her cousins to lose their father.

Complainant was close to her paternal grandmother[1] and shared "anything and everything" with her. When complainant's family was about to move to Odessa,

---

[1] Paternal Grandmother is not appellant's mother.

Grandmother talked to complainant about inappropriate touching. Complainant said, "I've already been touched by somebody," and then identified appellant. Complainant said appellant stuck his finger in her while she was at Grandfather's house. Grandmother was shocked because appellant was "always so sweet to the kids" and took them places. Complainant wanted to keep it a secret, but Grandmother made a report through CPS's website within a week.

Shortly thereafter, appellant's wife (complainant's aunt) received a phone call from CPS stating she was being investigated for child neglect and abuse. CPS interviewed her two youngest sons but closed the investigation in less than a week. Mother subsequently informed Aunt the investigation involved complainant and not appellant's children. Aunt's initial reaction was anger, and she did not believe the allegations. She vehemently denied appellant was capable of abusing complainant. She later changed her mind after undergoing therapy to heal from her divorce.

Detective David Mayne was the lead detective on the case. Based on his investigation and discussion with complainant, he filed charges against appellant. On November 29, 2018, Sylvia Athayde conducted a forensic interview with complainant. Complainant understood she was being interviewed "because someone touched her." She described and demonstrated the abuse by extending her middle and ring fingers and making a "shaking motion." She said appellant "put his two fingers inside her middle part where she peed."

During trial, the jury heard expert testimony from Margaret Evans, the assistant director of clinical services at Dallas Children's Advocacy Center. She explained the concepts of grooming, delayed outcries, and the process of disclosure. In her experience, it is difficult for children to talk about abuse, especially to people they do not know or trust (like testifying in court), and they may not tell the entire story of their abuse because of nerves.

Appellant testified and denied complainant's allegations. He admitted he babysat complainant for several years (twice a month for about six years) but maintained he was never alone with her due to the number of people living in the home.

Aunt's mother (appellant's ex-mother-in-law) did not believe appellant molested complainant. She testified complainant had a history of lying. Although complainant never lied to her, several others told her she lies and described her as "a compulsive liar." She did not believe appellant used environmental grooming to gain access to her. "It was just people in the house and living life."

Appellant's brother-in-law described appellant as the "funcle," the "fun uncle." He testified appellant was great with his kids and did not believe appellant was capable of the accusations. Two long-term friends also testified in support of appellant's character.

The jury found appellant guilty of aggravated sexual assault of a child and sentenced him to seven years' confinement. This appeal followed.

## Sufficiency of the Evidence

In his first issue, appellant challenges the legal and factual sufficiency[2] of the evidence. He contends complainant did not consistently testify his finger touched her body, and Grandmother did not clarify where he stuck his finger. The State responds appellant has limited his review to only complainant's and Grandmother's testimony; however, all the evidence, when viewed under the appropriate standard of review, is sufficient to support appellant's conviction.

We review the legal sufficiency of the evidence to support a conviction under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The jury is the sole judge of witness credibility and the weight to give to their testimony, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury. *Id.* The duty

---

[2] Because the factual sufficiency standard of review supporting a conviction is no longer available in Texas, we address only the legal sufficiency of the evidence and reject appellant's invitation to revisit the abolished factual sufficiency standard of review. *See Villatoro v. State*, No. 05-18-00639-CR, 2019 WL 3940971, at *7 (Tex. App.—Dallas Aug. 21, 2019, pet. ref'd) (mem. op., not designated for publication).

of the reviewing court is simply to ensure the evidence presented supports the jury's verdict. *Id.*

The indictment alleged that "on or about the 25th day of July, 2018" in Dallas County, Texas appellant:

> [D]id unlawfully then and there intentionally and knowingly cause the penetration of the female sexual organ of [complainant], a child, by an object, to-wit: the finger of defendant, and at the time of the offense, the child was younger than fourteen years of age.

To obtain a conviction for aggravated sexual assault of a child as alleged here, the State had to prove appellant (1) intentionally or knowingly, (2) caused the penetration of the female sexual organ of a child by his finger, and (3) the child was younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(I); *see, e.g.*, *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). The testimony of a child complainant alone is sufficient to support a conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Revels v. State*, 334 S.W.3d 46, 52 (Tex. App.—Dallas 2008, no pet.). The complainant's description of what happened to her need not be precise, nor is she expected to express herself at the same level of sophistication as an adult. *Villatoro*, 2019 WL 3940971, at *7. The child complainant's testimony is liberally construed and, "as long as the child communicates to the factfinder that the touching occurred on a part of the body within the definition of the statute, the evidence will be sufficient." *Id.* (quoting *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.)).

–6–

At trial, complainant could not remember many details of the actual assault. She recalled something touched the area of her body she used to pee. She thought appellant put something on her body, but she did not know "if it was, like, his hand or, like something else." She used a tissue box to demonstrate how something "went in the hole." Although she was unsure what part of appellant's body touched her, she testified the body part that went inside her moved "like a circle." She could not remember what it felt like or the size of it, but she did not think it was an object.

Grandmother testified complainant told her appellant "stuck his finger in her" after she got out of the bathtub at Grandfather's house. Athayde testified complainant told her appellant "put his two fingers inside her middle part where she peed." Complainant demonstrated for Athayde how appellant used his fingers, and she made a "shaking motion." Detective Mayne testified complainant was consistent in her statements to Grandmother and Athayde that appellant digitally penetrated her private part. He explained a child using different words like hand instead of finger could still mean the same thing, especially when being asked to explain the abuse on multiple occasions.

To the extent appellant challenges the inconsistencies in complainant's reported allegations to Grandmother, Athayde, and her trial testimony, we must assume the jury considered them and found in favor of the State. *Queeman*, 520 S.W.3d at 622. Further, the incident happened when complainant was approximately eight years old, and she was twelve years old when she testified. It

–7–

was reasonable for the jury to determine complainant's recollection of events closer in time to the occurrence were more reliable than those at trial. Considering all of the evidence in the light most favorable to the verdict, the State established appellant penetrated complainant's sexual organ with his finger as charged in the indictment. Appellant's first issue is overruled.

**Expert Testimony**

In his second issue, appellant argues the trial court abused its discretion by admitting the improper and irrelevant testimony of Margaret Evans, the State's child abuse expert. The State responds Evans was qualified to testify, and the trial court did not abuse its discretion by allowing her to explain the dynamics of child abuse, which included grooming, disclosure, and delayed outcries.

An appellate court reviews a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Id.* An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* at 380.

Appellant did not attack Evans's credentials or expertise at trial, but instead objected her testimony was not relevant because she was unfamiliar with this particular case. To be admissible, expert testimony must be relevant. *See Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996). To be relevant, expert testimony must make an effort to tie pertinent facts of the case to the scientific principles, which are the subjects of the testimony, so as to be helpful to the trier of fact. *Id.* Rule 702 provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702.

We are not persuaded by appellant's argument that Evans's opinions lacked a sufficient basis because she did not conduct her own examination of complainant. An expert may base her opinions on facts made known to her as well as facts personally observed. TEX. R. EVID. 703; *see also Dennis v. State*, 178 S.W.3d 172, 182–83 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). There is no requirement the expert have personal knowledge of the facts for her testimony to be relevant. *See Kimberlin v. State*, No. 05-18-00018-CR, 2019 WL 1292471, at *5 (Tex. App.—Dallas Mar. 21, 2019, no pet.) (mem. op., not designated for publication). Rather, to be relevant, the expert must tie the facts of the case to the principles that are the subject of her testimony. *Id.* Courts routinely allow expert testimony to explain the

dynamics of child abuse even when the expert has not personally interviewed or interacted with the victim. *See, e.g.*, *id.; see also Carey v. State*, No. 06-03-00144-CR, 2004 WL 743676, at \*2 (Tex. App.—Texarkana Apr. 8, 2004, no pet.) (not designated for publication) (no abuse of discretion when expert testimony had relatively close association with evidence brought by the State despite witness's lack of familiarity with victim); *Bickems v. State*, No. 05-01-01167-CR, 2002 WL 1741684, at \*2 (Tex. App.—Dallas July 29, 2002, pet. ref'd) (mem. op., not designated for publication) (no abuse of discretion allowing expert testimony explaining dynamics of sexual abuse, delayed outcries, and process of disclosure by individual who did not know defendant or victim).

Here, Evans explained anyone can be a perpetrator of child abuse. She testified grooming occurs when someone tries to gain access to a child with intent to do harm, and it includes grooming of the victim as well as grooming of the environment. Grooming of the environment occurs when a person tries to appear to others that they would not be someone who would harm a child or hurt them in any way. People generally view the person as a "really good person," often active in the community, so when a child comes forward, there is doubt about the accusation. Most of the behaviors look normal, like being conversational, fun, nice, and trustworthy. The person does not want to raise any red flags or suspicions, so they work to appear as a normal person.

Evans also testified that a delayed outcry is when a child waits to tell someone about the abuse, and such delayed outcries are overwhelmingly common. Most children do not immediately tell because they do not want to get in trouble, they are unsure if what happened is wrong, they often care about the abuser and do not want to get them in trouble, and they may have been threatened by the abuser. Children outcry because they want the abuse to stop, they do not believe what is happening is right, or they finally learn what is happening is wrong.

She explained the process of disclosure, which is the process children go through when revealing the abuse. The State asked the following hypothetical:

> Q. If you had a child who was eight years old, and they told a trusted adult that somebody stuck a finger inside of them and then told another person interviewing them that they were touched by fingers or a hand, does that make the abuse not true?

> A. In my experience, it is common for children to tell something that has happened, and then that might differ a little bit if they're telling someone else just as when adults are telling a story about vacation to one person and then go tell a different person. The story may change slightly but not because it isn't true, but because it's a different person and maybe time has passed.

The State offered Evan's testimony to explain the dynamics of sexual abuse and its effects on an abused child. Although she did not know complainant, Evans explained why complainant delayed her outcry. She also explained the concept of environmental grooming, which defense counsel introduced prior to her testimony through cross-examination of Detective Mayne and Aunt. Her testimony tied the facts of the case to the principles subject to her testimony. *See Kimberlin*, 2019 WL

–11–

1292471, at *5. Thus, her testimony met the "simple requirement that it be helpful" to the jury. *Id.* at *6. The trial court's decision to overrule appellant's relevancy objection and admit Evans's testimony was not outside the zone of reasonable disagreement and does not constitute an abuse of discretion. We overrule appellant's second issue.

### Modification of Judgment

In a cross-point, the State requests we modify the judgment to reflect complainant's age, that sex-offender registration requirements apply, and to include a special finding the complainant was younger than fourteen at the time of the offense.

Where the record contains the necessary information to do so, the court of appeals has authority to modify the incorrect judgment. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc). Appellant was convicted of aggravated sexual assault of a child, an offense subject to the sex offender registration requirements of chapter 62 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A). The judgment erroneously states the sex offender registration requirements do not apply and the age of the victim at the time of the offense was "N/A years." Accordingly, we modify the judgment to reflect the sex offender registration requirements apply and the victim's age was "Eight years old" at the time of the offense. *See id.*; *see also* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *Chol v. State*, No. 05-18-00518-CR, 2019 WL

2266546, at *1 (Tex. App.—Dallas May 24, 2019, no pet.) (mem. op., not designated for publication).

The State also requests modification of the judgment to include a special finding the victim was less than fourteen years old. Article 42.015(b) provides,

> In the trial of a sexually violent offense, as defined by Article 62.001, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines the victim or intended victim was younger than 14 years of age at the time of the offense.

TEX. CODE CRIM. PROC. ANN. art. 42.015(b). Aggravated sexual assault is considered a "sexually violent offense" when it is committed by a person seventeen years of age or older. TEX. CODE CRIM. PROC. art. 62.001(6)(a). Appellant was convicted of aggravated sexual assault of a child under section 22.021 of the penal code. TEX. PENAL CODE ANN. § 22.021. The record indicates appellant was born in 1985. He sexually assaulted complainant in 2018; therefore, he was over the age of seventeen when he committed the offense. As such, the trial court was required to "make an affirmative finding of fact and enter the affirmative finding in the judgment." *Id.* art. 42.015(b); *Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667, at *8 (Tex. App.—Dallas July 26, 2022, pet. ref'd) (mem. op., not designated for publication). The judgment, however, does not include the affirmative finding. We, therefore, modify the judgment to include the following special finding: "The Court affirmatively finds that the victim or intended victim

–13–

was younger than fourteen years of age at the time of the offense." We sustain the State's cross-point.

## Conclusion

We affirm the trial court's judgment as modified.

/Erin A. Nowell/

221086f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN L. WILLIAMS, Appellant

No. 05-22-01086-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F19-47739-H. Opinion delivered by Justice Nowell. Justices Miskel and Kennedy participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court as follows:

We **INSERT** an "X" for the box indicating Justin L. Williams is required to register as a sex offender.

We **DELETE** "N/A" for "the age of the victim at the time of the offense" and **INSERT** "Eight years old."

We **INSERT** the following "Special Finding": "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of February, 2024.